WR-10,359-35
10,359-35

EX PARTE

JERRY WAYNE RUMPH

DATE: 6/22/15
FILE IN WRIT FILE
BY: _____

TEXAS COURT OF CRIMINAL APPEALS

COURT OF CRIMINAL APPEALS

JUN 18 2015

Abel Acosta, Clerk

## ALLEGATION OF GOOD CAUSE FOR REFILING OF THE APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO ARTICLE 11.07

TO TEXAS COURT OF CRIMINAL APPEALS:

COMES NOW the Applicant, Jerry Wayne Rumph, files this his Allegation of "Good Cause" for Refiling of the Application for Writ of Habeas Corpus pursuant to Article 11.07. In Support thereof, Applicant Shows the following:

I.

Pursuant to the provisions of Article 11.07, V.A.C.C.P., all post-Conviction applications for Writ of habeas Corpus must be filed with the trial Court. Ex parte Young, 418 S.W. 2d 824 (Tex. Cr. App. 1967). Furthermore, all post-Conviction application for Writ of habeas Corpus are automatically reviewable, after the trial Court enters its order in the Case pursuant to the provisions of Article 11.07, supra. Ex parte Mayes, 538 S.W. 2d 637 (Tex. Cr. App. 1976). In Cases where this Court has declared that the Petitioner has abused the Writ of habeas Corpus process, Certain Changes in the trial Courts responsibility under Article 11.07, supra, are required. Thus, this Court explained to the members of the bench and bar the applicability of the New procedures in Such Situation.

Where a petitioner has been previously Cited for an abuse of the Great Writ, the trial Court Should not thereafter Consider the merits of any application for Writ of habeas Corpus filed by that petitioner. The trial Court Should, however, review the application and make findings that this petitioner has abused the Writ in the past, thus, making the review procedure of this Court more efficient. The transcript Should be forward to this Court, just as in other Cases, be forward to this Court within fifteen days of the trial Courts order. Article 11.07, section 2 (c), supra.

Upon receipt of the Writ transcript from the trial Court, this Court shall review the petitioner's allegations of "good Cause" for allowing a re-filing of the application, and if the petitioner has "Stated facts" which, if true Would entitle him to relief, then this Court Will order the petition filed and Considered on the merits.

# FACTUAL ISSUES

Applicant had drawn a Shotgun on a man Applicant didn't know, outside Applicant's house. A by stander observed the incident Call the police. The police responded to the Call driving a mark police vehicle, applicant observing the police vehicle Coming to a stop, applicant then ran around his house and throwed the Shotgun under the house and stop running before either officer exit their vehicle. The police officers upon exiting their vehicle, both were dress in full police uniform Chase Applicant who had stop running and had throwed the Shotgun under the house. The officer approached Applicant and Started questioning Applicant while the other officer Searched the area and found the Shotgun Applicant had throwed under the house. The officer then handcuffed Applicant and Walked Applicant back around to where the police Vehicle were park and the Man Applicant drawn the Shotgun on and the Caller were Standing.

The Police officers, question the Caller and man Applicant had drawn the Shotgun on and released them. Applicant was arrested and charged with the felony offense of aggravated assault.

Applicant was indicted for the offense of aggravated assault. Applicant's parent retained an attorney to represent Applicant to the offense charged.

The attorney who was retained to represent Applicant met and talk to Applicant only once before proceeding to trial. That Meeting was only to offer Applicant three years Prison Sentence offered by District Attorney.

Applicant Counsel did not Consult with Applicant, did not inquire as to any defense, gave no advice to Applicant other than pleading guilty were the best thing to do. Counsel did not attempt to determine if Applicant was guilty, did not Conduct a pre-trial investigation of the facts Surrounding the Charge. Applicant knowed nothing about the laws relating to the Charge, Applicant didn't knew the victims named in indictment was the police officer who had responded to the Call. Applicant was under his Counsel advise that the victim named in the indictment was actually the mans name Applicant had drawn the Shotgun on. Had Applicant's Counsel adequately advised Applicant and informed Applicant that the victims named in the indictment was one of the police officers who responded to the Call, Applicant would not have plead guilty to the offense because Applicant had not drawn the Shotgun on the officers who responded to the Call, Applicant would have insisted on going to trial had his Counsel informed him of these facts, Instead Counsel advised Applicant that pleading guilty was the best thing to do. Applicant pleaded guilty upon his Counsel inadequate advise.

Applicant's Counsel deficient performance, failure to consult with Applicant, and inquire as to any defense, failed to give advise to Applicant, did not attempt to determine if Applicant was guilty, did not conduct an investigation of the facts of the case, prejudiced Applicant because Counsel's deficient performance resulted in Applicant pleading guilty to an offense Applicant did not commit, as well, pleading guilty to an offense unintentionally and unknowingly.

The Sixth Amendment of the United States Constitution guarantees Applicant the right to be represented by Counsel "reasonably likely to render and rendering reasonably effective assistance." Herring v. Estelle, 419 F.2d 125, 127 (5th Cir. 1974), quoting Mackenna v. Ellis, 280 F.2d 592, 599 (5th Cir.), Cert. denied 368 U.S. 877, 82 S.ct. 121, 7 L.Ed.2d 78 (1960). Since investigation and preparation are the keys to effective representation." ABA Projects on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function 224 (App. Draft 1971).

Applicant stresses that his Counsel had a duty to interview potential witnesses and "Make an independent examination of the facts, circumstances, pleading and laws involved." Von Moltke v. Gillies, 332 U.S. 708, 721, 68 S.ct. 316, 322, 92 L.Ed. 309, 319 (1948). See Pennington v. Beto, 437 F.2d 128 (5th Cir. 1971); United States v. Decoster, 159 U.S. App. D.C. 326 F.2d (1976), Opinion Vacated and re-hearing en banc granted — F.2d — (1977); McQueen v. Swenson, 498 F.2d 207, 217 (8th Cir. 1974). Applicant's allegations are sufficient to raise the issue whether Applicant's Counsel discharged this responsibility.

As the Court noted in King v. Beto, 429 F.2d 221, 222, n. 1 (5th Cir. 1975) Cert. denied, 401 U.S. 936, 91 S.ct. 921, 28 L.Ed.2d 216 (1971), "each case involving the Constitutional issue of effectiveness of Counsel depends on the facts the Specific Conduct of the parties involved."

Here the factual development necessary for a just determination of the merits of Applicants Petition is lacking. An examination of the record will indicate that, among others, the question whether Applicants Counsel conducted a pre-trial investigation has never been answered. Under circumstances, to deny Applicant's request for a hearing is erroneous. Since Applicant's Petition is legally sufficient and raises issues of material facts that have not been resolved after a full hearing by the Texas Court trier of fact, a Federal Evidentiary Hearing is required. See Townsend v. Sain, 372 U.S. 293, 312-313, 83 S.ct. 745, 757, 9 L.Ed.2d 770 (1963). Thus, Applicant request for a Evidentiary Hearing in this cause.

[3].

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Applicant, Jerry Wayne Rumph prays that the Court allow him to re-file his Application for Writ of Habeas Corpus pursuant to Article 11.07. V.A.C.C.P., and grand Applicant an Evidentiary Hearry to offer Proof.

Respectfully submitted,

By: _Jerry Wayne Rumph_
Jerry Wayne Rumph
Applicant

## CERTIFICATE OF SERVICE

I, the Undersigned, do hereby certify that a true and correct copy of Applicants Allegation of "Good Cause" for Re-Filing of the Application for Writ of Habeas Corpus pursuant to Article 11.07. V.A.C.C.P., was Mailed to Henry Garza, District Attorney, 27th Judicial District of Texas Bell County District Court offices. P.O. Box 540, Belton, TX. 76513-0540 On this 11th day of June, 2015, by placing the Same in Allred Prison mail box.

_Jerry Wayne Rumph_
Jerry Wayne Rumph